Appellant Robin Marty appeals from her conviction in the Wayne County Municipal Court. We affirm.
On June 13, 1998, Officer Nakia Hendrix of the Wooster Police Department was on duty in a marked police car. At approximately 12:00 a.m., Officer Hendrix was parked in a church parking lot on College Avenue in Wooster, Ohio. He observed a Trans Am proceeding northbound on College Avenue that stopped at a stop sign at the intersection with East Bowman Street and then turned left onto East Bowman. Officer Hendrix did not observe the car signal before turning left. He then followed the vehicle. As he did so, he also noticed that the rear window of the car was obscured. He then initiated a traffic stop.
Officer Hendrix approached the vehicle and identified the driver as Stephan Garver. Marty was a passenger in the front seat of the car, and another man was in the backseat. Officer Hendrix asked Garver to use his turn signals to see if they were functioning properly. Upon inspection, Officer Hendrix determined that the left turn signal functioned, except for the portion that he would have seen, which did not function. He also determined that the rear window was obscured by condensation. He asked Garver for his driver's license, registration, and insurance information and asked Marty and the second passenger for identifying information. Based on intelligence reports that Garver was involved in narcotics and Garver's apparent nervousness, Officer Hendrix suspected that narcotics might be in Garver's vehicle. While he ran a computer check on Garver and the two passengers, Officer Hendrix summoned a canine unit for a drug sniff.
Officer Michael Jewell arrived at the scene a short time later. He exited his vehicle and took his drug dog, Thomas Voncobble Jewell, a.k.a. Tom, to Garver's car. As Officer Jewell escorted Tom around the car, the dog "alerted" at both the driver side door and the passenger side door. Officer Jewell then asked Garver to exit the vehicle. First, Garver was searched, and marijuana was found. Marty and the other passenger were then asked to exit the vehicle. Marty was searched, but nothing was found. While Officer Jewell searched Garver's car, Marty asked for a cigarette from her purse, which was still inside the car. Officer Jewell went to get the purse, but first searched it. Contained within the purse were two plastic baggies containing marijuana.
Marty was charged with one count of possession of drug paraphernalia, in violation of R.C. 2925.14(C)(1), and one count of possession of marijuana, in violation of R.C. 2925.11(A). Marty pleaded not guilty and moved to suppress the evidence obtained during Officer Jewell's search. A hearing was held in the Wayne County Municipal Court on September 4, 1998, on suppression motions from both Marty and Garver. Officers Hendrix and Jewell testified on behalf of the prosecution; four witnesses testified on behalf of Marty and Garver. The trial court denied Marty's motion on September 8, 1998. On September 9, 1998, Marty changed her plea to no contest. The trial court found her guilty and sentenced her accordingly. This appeal followed.
Marty asserts one assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT WHEN THE TRIAL COURT FAILED TO GRANT THE DEFENDANT/APPELLANT'S MOTION TO SUPPRESS, THEREBY DEPRIVING THE DEFENDANT/APPELLANT'S RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES AS GUARANTEED BY THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE
SECTION 14 OF THE OHIO CONSTITUTION.
She contends that the trial court should have granted her motion to suppress because Officer Hendrix lacked a reasonable and articulable suspicion of criminal activity to justify the traffic stop. She also argues that the period of time that Garver's vehicle was detained before the dog sniff was performed was unreasonable. We disagree.
"Before stopping a vehicle, a law enforcement officer must have reasonable suspicion, based on specific and articulable facts, that an occupant is or has been engaged in criminal activity. A reasonable suspicion is something less than probable cause." State v. Trbovich (July 3, 1996), Summit App. No. 17613, unreported, at 3. (Citations omitted.) Our inquiry on appeal was enunciated by the United States Supreme Court: "[D]eterminations of reasonable suspicion * * * should be reviewed de novo on appeal. * * * [A] reviewing court should take care both to review findings of historical fact only for clear error and to give due weight to inferences drawn from those facts by resident judges and local law enforcement officers." Ornelas v. United States (1996),517 U.S. 690, 699, 134 L.Ed.2d 911, 920.
It is not disputed that failure to signal before a turn and obstruction of the rear window are traffic violations. See R.C.4511.39 and 4513.24(B). "[W]here a police officer observes someone violating a traffic law, that is sufficient to give rise to a reasonable conclusion that criminal activity is taking place." State v. Myers (Jan. 7, 1998), Summit App. No. 18292, unreported, at 7. See, also, Dayton v. Erickson (1996), 76 Ohio St.3d 3,11-12. Officer Hendrix testified that he did not see Garver's car signal before turning left and that the rear window was obscured.
Marty contends that Officer Hendrix's testimony is not credible because it was contradicted by the testimony of her four witnesses at the suppression hearing. At the hearing, the second passenger in Garver's car testified that Garver did signal when he turned left and that the rear window was not obscured. Two women who witnessed the events as they unfolded testified that they saw Garver's car signal before it turned left, and one of the women testified that the rear window was not obscured. The fourth witness was an automobile mechanic who testified that the left-turn signal was in proper working order both before and after the traffic stop. Marty argues that, based on the testimony presented, the trial court should not have believed Officer Hendrix.
As stated by the Supreme Court, we review the trial court's resolution of factual issues only for clear error. Ornelas,517 U.S. at 699, 134 L.Ed.2d at 920. The resolution of factual issues, including credibility and weight, is for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. The two eyewitnesses and the second passenger were subjected to cross-examination that undermined their credibility. We cannot say that clear error exists in the trial court's determination of the facts. The trial court found that Officer Hendrix observed two traffic violations. Therefore, Officer Hendrix had a reasonable and articulable suspicion justifying the initial stop of the vehicle.
Marty also argues that the detention of Garver's car was for an unreasonable period of time. The trial court found that Officer Jewell did not arrive at the scene until at least ten or fifteen minutes after Officer Hendrix had returned to his vehicle. Because Officer Hendrix was only going to issue a written warning, and he had obtained all the information necessary to issue the warning, Marty contends that the ten to fifteen minute delay was unnecessary and unreasonable.
We stated the standards for determining whether a stop is unreasonably long in State v. Carlson (1995), 102 Ohio App.3d 585,598:
 An investigative stop may last no longer than is necessary to effectuate the purpose of the stop. In conducting an investigative stop for a traffic violation, an officer may detain a motorist for a period of time sufficient enough to issue a warning or citation. An officer may also run a computer check on the detained motorist's license, registration, and vehicle plates to ascertain compliance with state law. In determining if an officer completed these tasks within a reasonable length of time, the court must evaluate the duration of the stop in light of the totality of the circumstances and consider whether the officer diligently conducted the investigation.
(Citations omitted.)
The trial court based its ruling on a ten to fifteen minute delay. During that time, Officer Hendrix ran computer checks on Garver, Marty, and the other passenger in the car. In Carlson, we held that a nineteen minute delay was not unreasonable. Id. at 599. We similarly concluded that a ten minute delay was not unreasonable in State v. Poole (June 7, 1995), Medina App. No. 2336-M, unreported, at 8-9. Under the totality of the circumstances, we conclude that Officer Hendrix conducted the investigation diligently and that the delay was not for an unreasonable period of time. A ten to fifteen minute delay, during which Officer Hendrix ran computer checks on three people, was not unreasonable.
To summarize, the initial traffic stop by Officer Hendrix was proper. The period of time that Marty was detained until Officer Jewell arrived with the drug dog was not unreasonable. Therefore, Marty's Fourth Amendment rights were not violated. The sole assignment of error is overruled.
Marty's assignment of error is overruled. The judgment of the Wayne County Municipal Court is affirmed.
Judgment affirmed.
 KK The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E).
SLABY, P. J.
WHITMORE, J.
CONCUR